UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



UNITED STATES OF AMERICA

v.

ROBERT J. BARRY

Docket No. 3:18cr187 (RNC)

## CORRECTED RESTITUTION ORDER

I. **Restitution Liability**

　A. **Restitution Amount**

The Defendant, Robert J. Barry, shall pay restitution in the amount of $2,440,285.00 pursuant to 18 U.S.C. § 3663A, and $1,507,240 pursuant to 18 U.S.C. § 3663(a)(3), for a total restitution amount of $3,947,525.00.

　　☐ This amount includes_____in prejudgment interest.
　　☑ The Court does not order the inclusion of prejudgment interest.

　　☐ The Court acknowledges that a restitution payment in the amount of
　　　$_____ was paid to _____ on _____ and said
　　　payment is credited to the amount of restitution imposed.

　B. **Joint and Several Liability**

　　☐ Restitution is joint and several with defendant(s) _____
　　in case numbers _____
　　☐ Restitution is joint and several with defendant(s) not presently named.
　　☑ Restitution is not joint and several with other defendants or with others not named herein.
　　　　☐ Optional: Rather, pursuant to 18 U.S.C. § 3664(h), the Court has apportioned liability among the defendants to reflect the level of contribution to the victim's loss and the economic circumstances of each defendant.

　C. **Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victim(s) identified in Schedule A attached hereto on a (select one):

☐ pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

☐ percentage basis, as set forth more fully in Schedule A.

☒ specified basis, as set forth more fully in Schedule A.

## II.   Interest

The Defendant shall pay interest on any restitution amount of more than $2,500.00, unless restitution is paid in full before the fifteenth day after the date of the judgment, in accordance with 18 U.S.C. § 3612(f)(1).

☒ All interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(A).

☐ Accrual of interest is limited to $_____ pursuant to 18 U.S.C. § 3612(f)(3)(B).

☐ Interest shall accrue only during the period of _____ pursuant to 18 U.S.C. § 3612(f)(3)(C).

☐ All interest is waived by the Government pursuant to 18 U.S.C. § 3612(h).

☐ The following portion of interest is waived by the Government pursuant to 18 U.S.C. § 3612(h): _____

If a restitution payment is more than 30 days late, it is delinquent, and the Defendant shall pay, as a penalty, an amount equal to 10 percent of the principal amount that is delinquent. If a restitution payment is delinquent for more than 90 days, it is in default, and the Defendant shall pay as a penalty an additional amount equal to 15 percent of the principal amount that is in default. All penalties shall accrue, unless waived by the Government.

☐ All penalties are waived by the Government pursuant to 18 U.S.C. § 3612(h).

## III.   Time and Method of Payment

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant is hereby ordered to pay restitution in the manner and according to the schedule that follows: [**Complete either Section A or B**]

☐ A. The total amount of restitution is due and payable immediately pursuant to 18 U.S.C. § 3572(d)(1):

☐ upon entry of this judgment.

☐ on the following date: _____.

2

In the case of a Defendant who is sentenced to a term of imprisonment, any unpaid amount remaining upon release from prison will be paid:

☐ in lump sum, immediately.

☐ in installments of not less than $_____, payable on the _____ of each month.

☐ as specified by the Court: _____.

☒ B. In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

    1. The Defendant shall commence installment payments:

        ☐ immediately upon entry of this judgment.

        ☒ upon release from prison.

        ☐ on the following date: _____.

        ☒ as specified by the Court: $100 per month or 10% of monthly income whichever is greater. Payment amount may be adjusted by Probation with court approval.

    2. While serving the term of imprisonment, the Defendant shall make installment payments as follows:

        ☐ The Defendant shall pay no less than $_____ [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**].

        ☐ in an amount equal to _____ percent of gross income, [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**].

        ☐ as specified by the Court: _____

    3. After completion of the term of imprisonment or if the Defendant is not sentenced to a term of imprisonment, the Defendant shall make installment payments as follows:

        ☐ no less than $_____ [**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**] .

        ☐ in an amount equal to _____ percent of the Defendant's gross income, {**weekly; bi-weekly; monthly; quarterly; semi-annually; annually**} .

        ☒ as specified by the Court: $100 per month or 10% of monthly income whichever is greater. Payment amount may be adjusted by Probation with court approval.

**IV.**   **Payment Instructions**

The Defendant shall make payment to the Clerk of Court. Payment may be made in the form of cash, check or money order. All payments by check or money order shall be made payable to the "Clerk, United States District Court," and each check shall be delivered to the

United States District Court, Attention: Clerk's Office, 450 Main Street, Hartford, CT 06103, as required by 18 U.S.C. § 3611. The Defendant shall write the docket number of this case on each check delivered to the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed.

The Clerk shall distribute restitution payments to the victim(s) identified in this order in accordance with the District's Standing Order on the Disbursement of Restitution Payments by the Clerk of Court.

V.     **Additional Collection Provisions**

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

The Defendant shall notify the Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.10 *et seq.*, up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victim(s) or the United States from pursuing immediate collection through civil remedies allowed by law in accordance with 18 U.S.C. § 3664(m).

The Defendant shall apply to any restitution still owed the value of any substantial resources from any source the defendant receives during the period of incarceration, including inheritance, settlement or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of 20 years from the entry of judgment or 20 years after the Defendant's release from prison, or upon the death of the Defendant.

It is so ordered.

Dated at Hartford, Connecticut on this 31 day of July, 2019.

/s/ Honorable Robert N. Chatigny
THE HONRABLE ROBERT N. CHATIGNY
UNITED STATES DISTRICT JUDGE

4

## SCHEDULE A

### *United States v. Robert J. Barry, 3:18cr187 (RNC)*

Pursuant to 18 U.S.C. § 3663A and 18 U.S.C. § 3664(i), **$2,440,285** in restitution shall be paid to:

> Joan and Sanford I. Weill Medical College and Graduate School of Medical Services of Cornell University (The C█████████ W███ Memorial Fund), Cornell University, Office of Trusts/Estates, Attn: █████████, Trust Administrator, 130 East Seneca, Suite 400, Ithaca, NY 14850.

Pursuant to 18 U.S.C. § 3663(a)(3) and 18 U.S.C. § 3664(i), after $2,440,285.00 is paid to Cornell (as set forth above), **$1,507,240** in restitution shall be paid to the following, on a pro rata basis:

**$483,195**   E█████ A█████ N███ A█████
E█████ A█████ and N███ A█████ Scholarship Fund; Connecticut Community Foundation (Waterbury, CT). Contact CEO █████████ █ Field Street, Waterbury, CT 06702 phone 203 ██████

**$37,428**   M████ H███
Any amount paid to the Estate of M████ H███ should be further apportioned as follows:
- 25%: Damon Runyon-Walter Winchell Cancer Research Fund, Inc., One Exchange Plaza, 55 Broadway, Suite 302, NY, NY 10006 phone 761 693-2162 or 877 7 CANCER
- 25%: American Heart Association, Inc., 7272 Greenville Ave., Dallas, TX 75231 phone 800 242-8721
- 50%: Covenant House, 460 W. 41th Street, NY, NY 10036 phone 212 613-0300

**$206,640**   C█████ K███
Trustee: Michael J. Reardon, Carmody Torrance Sandak & Hennessey, LLP, 50 Leavenworth Street, Waterbury, CT 06702

**$267,271**   H███ K███
Any amount paid to the Estate of H███ K███ should be further apportioned as follows:
- 33%: American Heart Association, 7272 Greenville Avenue, Dallas, TX 75231 phone 800 242-8721
- 33%: Memorial Sloan-Kettering Cancer Center, 1275 New York Avenue, NY, NY 10065 phone 212 639-2000
- 33%: Salvation Army, POB 269, Alexandria, VA 22313

$176,216   F█ M████         Pratt Institute, Brooklyn Campus, 200 Willoughby Avenue,
                            Brooklyn, NY 11205 phone 718 636-3600 NY (The
                            C██████ M████ Memorial Fund)

$99,113    K████ M█         33%: Grand Lodge of Free Masonry of State of New York,
                                 71 W. 23rd Street, New York, NY 10010 phone 800
                                 362-7664 212 337-6647,8
                            33%: Grand Lodge of Free Masonry of State of CT; 69
                                 Masonic Avenue, P.O. Box 250, Wallingford, CT
                                 06492 phone 203 679-5903
                            33%: King Salomon Lodge #7, POB 670, Woodbury, CT
                                 06798 phone 475 675-0575

$237,377   R███ S███        R██████ S███, 14830 Wood Road, Alpharetta, GA 30004
           J████ S███